ACCEPTED
01-14-00013-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/27/2015 11:31:09 AM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-00013-CV

**In the Court of Appeals**

**for the First Supreme Judicial District of Texas**

**at Houston, Texas**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/27/2015 11:31:09 AM
CHRISTOPHER A. PRINE
Clerk

**Marcus B. Patterson, individually, as Independent Administrator of the estate of Diane Patterson,**

**and as next friend of Daniel Patterson and Danae Patterson,**

**and Danae Patterson and Daniel Patterson (now 18 years old),**

**Appellants**

**v.**

**Brewer Leasing, Inc., Appellee**

**On appeal from the 334th Judicial District Court
of Harris County, Texas
The Honorable Judge Ken Wise presiding**

## RESPONSE TO MOTION FOR REHEARING

**George W. Long
State Bar No. 12517300
2000 East 42nd Street, Suite C-110
Odessa, Texas 79762
432-614-1500 Telephone
361-587-7705 Facsimile
george.long.mexico@gmail.com**

Response to Motion for Rehearing

Winning is the goal of every attorney; winning within the rules should also be every attorney's goal. Texas Disciplinary Rules 3.01 and 3.03, together with the Texas Lawyer's Creed and the Standards for Appellate Conduct, prescribe boundaries within which an ethical lawyer's conduct must conform.

I cannot defend this appeal without a valid basis. At this point there is no valid basis upon which a defense can be based. No one has, or can, challenge the jury finding of 100% negligence by Charles Hitchens.

The evidence conclusively establishes Brewer Leasing's ownership of the trailer, a fact no one has ever denied. I see no way for Brewer Leasing to escape liability for Hitchens' negligent operation of the trailer.

This Court's opinion absolves Brewer Leasing of liability for Hitchens' negligent operation of the power unit. Decades of experience in trucking force me to admit that Brewer Leasing cannot use a claim of an oral lease to shift liability onto its parent company. Virtually every trial level litigation case I currently prosecute (all of which relate to trucking), involve the state and federal requirement that commercial vehicle leases be in writing, a main purpose of which requirement is to clearly define liability between motor carriers working under contract or lease. The west Texas oil patch is rife with motor carriers who seek to avoid payment and other liabilities due their lessors by failing to enter written leases in order that they 're-write' their lease at trial.

*The last thing I wish to see for the benefit of my clients and my practice is a Texas appellate court deciding a liability case between motor carriers based on and alleged oral contract. Such an appellate decision will*

*encourage and in part enable all non-paying motor carriers who lease trucks from other motor carriers to allege oral contracts knowing that they will be considered to assess liability, whether for payment between lessor and lessee or payment to third party claimants. It will declare 'open season' on small, unsophisticated owner-operator motor carriers by larger motor carriers who seek, from the beginning, to exploit them financially.*

Why would the insurance carrier for Brewer Leasing tender policy limits in this case prior to trial if they thought that they had a valid defense by virtue of an oral contract absolving Brewer Leasing of *any* liability? Even they knew that such a defense was legally improper, as do I.

I wish I could agree with the opinion on that point, but my "concurrent duties to the legal system and the public good", and to the overwhelming majority of the clients in my practice, require me to "avoid the infliction of harm on the appellate process, the courts, and the law". I am required to fairly and accurately characterize and apply the law, including reporting legal authority adverse to my position. The court's opinion on this point is wrong; *the essence of trucking law from 1956 until today is to prohibit motor carriers (or non-motor carriers operating without legal authority) to evade responsibility based on oral claims that seek to shift responsibility for the vehicles they own or operate to others.*

Mr. Brewer and Mr. Box's testimony, if viewed in their favor, might create doubt on this issue were it a legal defense, but it is not a proper legal defense.

I have owned and managed registered motor carriers in Texas intra- and interstate commerce and in the Republic of Mexico continuously for the past twenty years. I owe it to the trucking industry and to this court to see that the law is correctly stated. No doubt the court believes that it has

4

reached a 'logical' decision on this point, but as Justice Oliver Wendell Holmes, Jr. reminded us, 'the life of the law has not been logic, it has been experience'. The current state of the law that shuns accepting oral agreements to place or avoid liability for motor carriers stem from the wealth of experience acquired prior to 1956. I fear the court is looking narrowly and logically at this point and is not considering the huge body of regulatory and statutory law which derived from trucking experience, all of which demand that liability remain with the vehicle owner unless shifted, in writing, to another. The vehicle owner was Brewer Leasing. Brewer Leasing is liable.

Respectfully Submitted:

_George W. Long_

George W. Long
Attorney for Appeallent
State Bar No. 12517300
2000 E. 42nd Street, Suite C-110
Odessa, Texas 79762
432-614-1500

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the typeface and length requirements of Texas Rule of Appellate Procedure 9.4 because:

(1)     This brief complies with typeface and the type style requirements of Rule 9.4(e) because the brief has been prepared in a conventional typeface using MSWord with Arial 14-point font.

(2)     This brief complies with the length requirements of Rule 9.4(i)(2)(B) because it contains 718 words, excluding the parts of the brief exempted by Rule 9.4(i)(1).


*George W. Long*
_____
George W. Long
Attorney for Appellee

## CERTIFICATE OF SERVICE

This is to certify that in accordance with the Texas Rules of Appellate Procedure a true and correct copy of the above and foregoing Brief of Appellee has been sent to all parties and/or counsel of record listed below by fax on July 25, 2015.

Harry Herzog
Hherzog@hcmlegal.com
David A. Carp
Dcarp@hcmlegal.com
Herzog & Carp
P.O. Box 218845
Houston, Texas  77218-8845
713-781-7500 Telephone
713-781-4797 Facsimile

Dorothea ADotty@ L. Vidal
Dvidal@gpd.com
Geary, Porter & Donovan, P.C.
One Bent Tree Tower
16475 Dallas Parkway, Suite 400
Addison, Texas 75001-6837
972-349-2211 Telephone
972-931-9901 Facsimile

_George W. Long_
_____
George W. Long